# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2011

Lyle W. Cayce
Clerk

No. 10-30701

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

ASHTON R. O'DWYER, JR.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-34-1

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In February 2010, the government obtained an indictment against Ashton O'Dwyer alleging a violation of 18 U.S.C. § 875(c), which criminalizes the interstate communication of certain threats. The government appeals from the district court's dismissal of the indictment. Because the district court correctly determined that O'Dwyer's speech was protected by the First Amendment, and not a true threat, we AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-30701

# I. FACTS AND PROCEEDINGS

O'Dwyer sent an e-mail to Sean McGinn, an employee of the bankruptcy court for the Eastern District of Louisiana. At the time of the e-mail, O'Dwyer was the debtor in bankruptcy proceedings before Bankruptcy Judge Jerry Brown. The apparent purpose of O'Dwyer's e-mail was to obtain leave from Judge Brown to pay for his anti-depressant medication out of his most recent Social Security check. The full text of O'Dwyer's e-mail is as follows:

> Well, please convey to Judge Brown my belief that he can "try" to protect the CRIMINALS Duval, Lemelle and Dennis, but he can't protect them from themselves, and the "damage" is already done. As is the case with Judge Porteous, their impeachment is "just a matter of time". Also convey to Judge Brown a reminder that I have been totally without money since the weekend of January 8, 9, and 10, and that I have been without my anti-depressant medication, for which I have sought leave to pay Walgreen's from my most recent Social Security check, since last weekend. I could not sleep last night, which I attribute to the effects of abruptly stopping my medication on Sunday, the 24 th (my pills "ran out", and I have no money to purchase more). Maybe my creditors would benefit from my suicide, but suppose I become "homicidal"? Given the recent "security breach" at 500 Poydras Street, a number of scoundrels might be at risk if I DO become homicidal. Please ask His Honor to consider allowing me to refill my prescription at Walgreen's, and allowing me to pay them, which is a condition for my obtaining a refill. Please communicate this missive to creditors and their counsel. Thank you.

McGinn contacted the U.S. Marshals after receiving O'Dwyer's e-mail. About nine hours later, O'Dwyer was arrested outside his home.

The district court dismissed the indictment on the ground that O'Dwyer's "statements are insufficient to warrant submission to a jury to determine if they are a true threat." The district court concluded that, read in context, O'Dwyer's statements did not constitute a threat as a matter of law. The government timely appealed.

No. 10-30701

## II. DISCUSSION

We review *de novo* the district court's dismissal of an indictment. *See United States v. Ollison*, 555 F.3d 152, 160 (5th Cir. 2009). To uphold dismissal of the indictment we must determine as a matter of law that no reasonable jury could find the allegedly criminal statement to be a true threat. *See United States v. Daughenbaugh*, 49 F.3d 171, 173 (5th Cir. 1995) (whether a statement "constitutes a 'threat' is an issue of fact for the jury"); *United States v. Morales*, 272 F.3d 284, 287 (5th Cir. 2001) (applying the reasonable jury standard on review of a motion for judgment of acquittal).

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. Nevertheless, the First Amendment does not protect "true threat[s]." *Virginia v. Black*, 538 U.S. 343, 359 (2003) ("[T]he First Amendment . . . permits [the government] to ban a 'true threat.'"). A communication rises to the level of an unprotected threat, within the meaning of 18 U.S.C. § 875(c), only if "in its context [it] would have a reasonable tendency to create apprehension that its originator will act according to its tenor." *Morales*, 272 F.3d at 288 (internal quotation marks omitted).

We agree with the district court that O'Dwyer's statement is not a true threat as a matter of law. His statement is hypothetical and conditional: "[S]uppose I become 'homicidal' . . . a number of scoundrels might be at risk if I DO become homicidal." *See Watts v. United States*, 394 U.S. 705, 708 (1969) (statement not a true threat considering in part its "expressly conditional nature"). Moreover, as the district court correctly observed, O'Dwyer's e-mail did not threaten bodily harm to any particular individual. O'Dwyer made his allegedly threatening statement in an e-mail transmitted to a bankruptcy court employee, with a message for Judge Brown, in which he never identified any individual whom he intended to harm. The most he said was that "a number of scoundrels might be at risk." We conclude, based on the language of O'Dwyer's

3

No. 10-30701

statement, and in light of his documented history of using coarse and hyperbolic language in prior court proceedings, that no reasonable jury could find that O'Dwyer's communication constitutes a true threat.

We therefore AFFIRM the district court's dismissal of the indictment.